## PEOPLE v. DR. KELLY MEDICAL CO.

(Court of Special Sessions of City of New York. April 24, 1913.)

INDICTMENT AND INFORMATION (§ 121*)—REQUISITES—BILL OF PARTICULARS.

Penal Law (Consol. Laws, c. 40) § 421, makes it a misdemeanor to knowingly advertise any statement as to the quality, value, method of production, etc., of merchandise intended to present an offer advantageous to the purchaser which is untrue or calculated to mislead. An information thereunder set forth an advertisement of a discovery by defendant commercially known as a "Form Developer," concluding with a physician's testimonial that it was "a valuable formula for the purpose intended, * * * a scientific combination of remedies that will enrich the blood, * * * is absolutely harmless, * * * is admitably designed to build up the general health as well as increase the development," and averred "which said statement of facts" was calculated and intended to mislead the purchaser into believing that the offer was advantageous, in that he would acquire a scientific combination of remedies beneficial and harmless, although it was not a harmless product. Held, that the averment liberally construed raised the questions whether the developer was a scientific combination of beneficial remedies and whether it was harmless, either or both of which the district attorney might elect to prove; but that, in view of defendant's knowledge of its ingredients, he was not entitled to a bill of particulars on the ground that a plea of not guilty did not present issues sufficiently definite to enable him to prepare for trial or to avoid unreasonable surprises.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. § 121.*]

Information by the People against the Dr. Kelly Medical Company. Motion by defendant for a bill of particulars. Motion denied.

Charles S. Whitman, Dist. Atty., and Floyd H. Wilmot and Frederick Sullivan, Asst. Dist. Attys., all of New York City, for the People.

Whiteside & Stryker, of New York City, for defendant.

DEUEL, J. The defendant moves for a bill of particulars on the ground that a plea of not guilty to the information does not frame issues sufficiently definite to enable counsel to prepare for trial, or thereat to avoid unreasonable surprises.

The prosecution is under section 421 of the Penal Law, the subhead of which is "untrue and misleading advertisements."

The information sets forth the entire advertisement—a sixteen-page pamphlet—of a discovery by Dr. Kelly during a period of "specialized study" in quest of a specific for physical imperfections in herself wherein she claims to have succeeded. She also states that the remedy has proven equally efficacious with female patients similarly afflicted. It is a medicine to be taken internally, and it has been given the commercial name of "Form Developer."

The law in question denounces as a misdemeanor the act of any person, firm, corporation, or association, who, by any means of advertising, "knowingly makes or disseminates any statement or assertion of fact concerning the quantity, the quality, the value, the method of production, or manufacture, or the reason for the price of his or their merchandise * * * intended to give the appearance of an offer advantageous to the purchaser which is untrue or calculated to mislead." Section 421, P. L.

The advertisement concludes with a professional testimonial by a physician, who declares it to be "a valuable formula for the purpose intended, * * * a scientific combination of remedies that will enrich the blood, * * * is absolutely harmless, * * * is admitably designed to build up the general health as well as increase the development." These representations are negatived in the information by its concluding averment, as follows:

"Which said statement of fact was calculated and intended to mislead the purchaser into believing that said offer was an offer advantageous to the purchaser, in that by means of a purchase of the said product such purchaser would acquire a scientific combination of remedies beneficial in the manner aforesaid, and harmless. Although the said Dr. Kelly's Form Developer was not a harmless product, as the said defendant then well knew."

In deciding the motion, the first step is to determine what specific question is presented by a plea of not guilty. And this depends upon whether the district attorney's pleading is construed strictly or liberally. If the former, the sole question is: Is the advertised developer absolutely harmless? This, seemingly, is the view of defendant's counsel, who insisted that the people should be required to designate wherein or whereby the product is harmful, and on the oral argument the court was inclined to take his view.

Liberally construed, the district attorney's "which said statement of

fact" is resolvable into two representations, at least: (1) Is the "Developer" a scientific combination of remedies beneficial in the manner claimed for it? (2) Is it harmless?

It may not be a scientific combination of remedies, but a compound of harmless ingredients incapable of producing any noticeable effect on the human system, and therefore a fraud, beyond which the district attorney, doubtless, would not proceed. On the other hand, it may be a scientific combination of remedies, but publicly prudent only when administered on the advice and sanction of a skilled physician; a probable menace to health when used indiscriminately. "Harmless" means incapable of doing harm. Thus these are two possible issues of fact, and the burden is on the people to prove either or both as the district attorney may select.

Under all the circumstances, it is difficult to see how the defendant can be embarrassed in preparing for trial or, at it, be subjected to any unreasonable surprise. When it put the representations complained of before the world, thereon seductively appealing to credulity and giddiness and inviting indiscriminate use of its product, it must be assumed that it was fully prepared to maintain each and every "statement or assertion of fact * * * intended to give the appearance of an offer advantageous to the purchaser." Its officers then knew what medicative ingredients entered into the "combination," and the exact proportions of each. It is alleged to have been discovered by one physician while prosecuting a specialized study. It is certified to contain all the virtues claimed for it by another physician, who must have been minutely informed of each constituent part, or ascertained them by quantitative analysis, for he certifies it to be "a valuable formula for the purpose intended"; formula as used being "an expression by means of symbols and figures of the constituents of a compound."

The court must assume that, if there be a single vulnerable point in any of the representations made for the purpose of stimulating trade, no one can know it quite so well as the defendant. If there be more than one, the defendant must be likewise informed. It should be ready, upon any reasonable notice, to defend before the courts what it has so profusely and seductively placed before the world.

The court has approached the subject from two viewpoints—protection of the defendant from any technical disadvantage, and economy of judicial time in the matter of a needlessly protracted trial. At best it promises to be a battle between chemical and medical experts, and to narrow the issues down to the most reasonable and rational limit is a proper incentive. The law involved is comparatively new, and the application for a bill of particulars in a criminal action is somewhat novel. The omniverous editors of Cyc. were able to find but one successful application in this state. People v. Bellows, 2 N. Y. Cr. R. 12. Possibly one reason why citations are so few is that the question is addressed wholly to the discretion of the court, and is not appealable.

I find nothing before us to bring this case within the reasoning of Judge Brady in the case against Bellows. He said:

"The defendant should be advised of the accusation against him, with sufficient certainty to enable him to prepare for his defense. There is no good reason why such a requirement should not be enforced. Each person accused of crime should be given the benefit of every reasonable opportunity to prepare for his defense, and to prove his innocence."

The accusation in the present case is that the defendant publicly advertised its compound to be "a scientific combination of remedies and harmless"; the district attorney says it is not. This gives a reasonable opportunity to prepare for any attack on such public representation, and trial surprises are scarcely conceivable.

The defendant, reliant upon its publicly advertised representations, should welcome this prosecution as its most remunerative advertisement.

I am in favor of denying the motion. All concur.